# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of Postsentence Review of: | No. 57015-7-II |
| TYSON ALEXANDER EBERT, | |
| Respondent. | UNPUBLISHED OPINION |

PRICE, J. — Tyson A. Ebert pleaded guilty to multiple counts of first degree sexual misconduct with a minor. The sentencing court imposed a suspended sentence pursuant to the special sex offender sentencing alternative (SSOSA) statute.[1] Through his judgment and sentence and a subsequent clarifying order, the sentencing court sentenced Ebert to 60 months SSOSA sentence with 6 months in confinement.

The Department of Corrections (DOC) contends the sentencing court's orders lack a definite term of community custody. DOC brings this post-sentence petition, seeking remand to the sentencing court to provide clarification on Ebert's judgment and sentence. We agree and remand.

## FACTS

In 2022, Ebert pleaded guilty to five counts of first degree sexual misconduct with a minor. The mandatory sentence for each count, considering Ebert's offender score of 12, was 60 months.[2]

---

[1] RCW 9.94A.670.

[2] The standard range was effectively 60 months to 60 months. *See* 13B WASHINGTON PRACTICE: CRIMINAL LAW AND SENTENCING § 29.80 (3d ed. 2019) (SRA scoring form – First degree sexual misconduct with a minor).

Ebert's judgment and sentence imposed a 60-month SSOSA sentence with 6 months to be served in confinement.

The judgment and sentence contained preprinted language consistent with the SSOSA statute, stating, "The execution of the sentence of confinement is suspended and the Defendant is placed on community custody." Pet., Ex. 1, at 2. Under the supervision section of the preprinted form, the section stating SSOSA-Community Custody is checked. The section states,

> The execution of this sentence is suspended and Defendant is placed on community custody under the charge of DOC for the length of the suspended sentence, the length of the maximum term imposed pursuant to RCW 9.94A.507, or three years, whichever is greater.

Pet., Ex. 1, at 4. The words "three years" appears to be underlined with a handwritten line.

Shortly thereafter, the sentencing court entered an "Order Clarifying Judgment & Sentencing." Pet., Ex 2, at 1. The order stated:

> As Mr. Ebert's points maxed him out, there was no standard "range" per se, as such he was sentenced to 60 months in custody. The judge then suspended 54 months of that time, leaving Mr. Ebert with 6 months to serve in custody . . . as required by RCW 9.94A.670(5)(a).

Pet., Ex 2, at 1. The order was silent on community custody.

In March 2022, DOC emailed the prosecutor and defense counsel, seeking clarification on the community custody term. Because the order stated the suspended sentence was 54 months, DOC requested clarification as to whether the community custody term imposed was 60 or 54 months. DOC received no clarification.

One month later, the attorney general's office emailed the prosecutor, defense counsel, and the trial court seeking clarification on the length of the term of community custody. The attorney general appeared to take the position that the trial court failed to follow the statute when it

purported to sentence Ebert to 60 months, but suspended 54 months. The assistant attorney general wrote:

> [The clarifying] order is silent as to the term of community custody but states that the suspended sentence is 54 months. Under RCW 9.94A.670(5)(b), this would mean that Mr. Ebert's community custody term would only be 54 months. This is erroneous because the entire term of total confinement ordered under RCW 9.94A.670(4) is suspended based on the conditions imposed under RCW 9.94A.670(5) and (6). As a result, length of the suspended sentence should be 60 months and the term of community custody under RCW 9.94A.670(5)(b) should be 60 months as well.

Pet., Ex 4, at 1. The assistant attorney general closed by requesting the parties and the trial court enter an order expressly stating that the length of both the suspended sentence and the term of community custody is 60 months. After receiving no clarification, the attorney general's office filed this postsentencing petition.

## ANALYSIS

### I. STANDARD OF REVIEW

DOC may file a postsentencing petition for review of an offender's sentence for errors of law with the court of appeals within 90 days of DOC's knowledge of the sentencing terms. RCW 9.94A.585(7). DOC must certify all reasonable efforts to resolve the issue were exhausted. *Id.* We review the sentence for errors of law. *Id.*; *State v. Griepsma*, 17 Wn. App. 2d 606, 622, 490 P.3d 239, *review denied*, 198 Wn.2d 1016 (2021).

### II. SSOSA

DOC contends the sentencing court erred by imposing an indefinite term of community custody. DOC explains that Ebert's standard range was 60 months, but the sentencing court appeared to impose 6 months in confinement and a 54-month suspended sentence. According to

DOC, the SSOSA statute requires the sentencing court to impose either a term equal to the length of the suspended sentence or 3 years, but the 54 months imposed here is neither. Therefore, without clarification, DOC is "left to guess how long Ebert should serve on community custody." Pet. at 6.

Both the State and Ebert disagree with DOC. The State contends "basic math" answers DOC's concerns—that is, 54 months of community custody is the only term possible pursuant to the statute. State's Resp. at 4. The State claims that because the standard sentencing range here was 60 months and 6 months of confinement was imposed on Ebert, subtracting 6 from 60 therefore leads to only one conclusion—the community custody term must be 54 months. Ebert concurs with the State that the community custody term is 54 months. He also contends that because the sentencing court stated in its clarifying order Ebert was sentenced to 60 months, with 54 months suspended, the length of the suspended sentence is clearly 54 months.

We agree with DOC.

A. LEGAL PRINCIPLES

The Sentencing Reform Act of 1981, chapter 9.94A RCW, includes a sentencing alternative for first-time sexual offenders, known as a SSOSA. RCW 9.94A.670. A SSOSA suspended sentence is designed to be "a narrow tool in circumstances where a victim would be reluctant to report abuse and unwilling to participate in prosecution without the promise of a shortened sentence and treatment for an offender." *State v. Pratt*, 196 Wn.2d 849, 857-58, 479 P.3d 680 (2021). It allows the sentencing court to impose a suspended sentence, release the offender into community custody, and require the offender receive treatment. RCW 9.94A.670. If the offender violates any condition of his suspended sentence or does not make sufficient

4

progress in treatment, the sentencing court may revoke the SSOSA and impose the original sentence. RCW 9.94A.670(11); *State v. Wheeler*, 14 Wn. App. 2d 571, 575, 474 P.3d 583 (2020), *review denied*, 196 Wn.2d 1039 (2021).

This sentencing alternative is available to the sentencing court only if an offender meets the list of eligibility criteria. RCW 9.94A.670(2). If the sentencing court chooses this option, it imposes a sentence (generally a standard range sentence), but then suspends the execution of the sentence in its entirety.

> [T]he court shall then impose a sentence or, pursuant to RCW 9.94A.507, a minimum term of sentence, within the standard sentence range. If the sentence imposed is less than eleven years of confinement, the court may suspend the execution of the sentence as provided in this section.

RCW 9.94A.670(4). As part of the SSOSA suspended sentence, the sentencing court must further impose a term of confinement, community custody, and treatment:

> (5) As conditions of the suspended sentence, the court must impose the following:
>
> (a) A term of confinement of up to twelve months or the maximum term within the standard range, whichever is less. . . .
>
> (b) *A term of community custody equal to the length of the suspended sentence*, the length of the maximum term imposed pursuant to RCW 9.94A.507, or three years, whichever is greater, and require the offender to comply with any conditions imposed by the [DOC] under RCW 9.94A.703.
>
> (c) Treatment for any period up to five years in duration. . . .

RCW 9.94A.670(5)(a)-(c) (emphasis added).

B. APPLICATION

Here, the sentencing court stated in its clarifying order that Ebert's sentence was 60 months, but 54 months of that time was suspended. It appears that the sentencing court intended

to impose a 60-month SSOSA sentence with 6 months of confinement and the remaining 54 months on community custody.

But DOC is correct that the sentencing court failed to properly capture this intention with respect to the length of community custody. RCW 9.94A.670(5)(b) provides the term of community custody must be "the length of the suspended sentence."[3] Under the language of the statute, Ebert's "suspended sentence" is the entirety of the 60 months of the SSOSA sentence, not just the 54 months outlined by the sentencing court. Thus, the term of community custody is technically the entirety of the suspended sentence, including the time of confinement. While there is some persuasiveness to the State's position that the intent of the sentencing court was clear enough, it remains that the language used in the sentencing court's orders is not consistent with the statute. Under these circumstances, the sentencing court must clarify its intentions and ensure the language of the judgment and sentence complies with the statute. Remand is appropriate.

## CONCLUSION

We remand to the sentencing court to clarify its intention in compliance with RCW 9.94A.670.

---

[3] The statute requires the term be either the length of the suspended sentence or three years, whichever is greater. RCW 9.94A.670(5)(b). But because, under any construction of the sentencing court's order, the suspended sentence is longer than three years, the statute's reference to three years is irrelevant to this case. Although DOC reads some ambiguity into the handwritten underlining of "three years" on Ebert's judgment and sentence, we do not—it is irrelevant.

No. 57015-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, A.C.J.

LEE, J.